UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------------x

Angelo Gambino,

Evelyn Gambino

Plaintiffs,

Civil Action

**COMPLAINT**

-v.-

Penn Credit

Defendant.

------------------------------------------------------------------------x

Plaintiffs Angelo and Evelyn Gambino ("Plaintiff" or "Gambino") by and through their attorneys, ,

as and for its Complaint against Defendant Penn Credit ("Defendant") respectfully sets forth,

complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising

from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code,

commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.      Plaintiff is a resident of the State of Connecticut, County of Litchfield, residing at 6

20 Wilton Road, Plymouth, CT, 06782.

1

3.      Defendant is a debt collector with an address at 916 S. 14th St., P.O. Box 988, Harrisburg, PA, 17108-0988.

4.      Penn Credit is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.


**JURISDICTION AND VENUE**

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).


**FACTUAL ALLEGATIONS**

7.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

8.      On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt ("Alleged Debt") from the Plaintiff.

9.      The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10.     During the course of the past year in an attempt to collect the Plaintiff's debt, the Defendant called the Plaintiff's mother and disclosed the debt.

11.     The Defendant also harassed the Plaintiff  with phone calls.

12.     These calls were a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1).

### *Respondeat Superior Liability*

13.     The acts and omissions of the debt collectors employed as agents by Defendants who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

14.     The acts and omissions by the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

15.     By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principal, Defendant.

16.     Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by these individual Defendant and its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

### *Summary*

17.     The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions of the FDCPA.

18.     Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

19.    As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

20.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

21.    Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, 1692f(1) and 1692(g).

22.    As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (Invasion of Privacy By Intrusion Upon Seclusion)

23.    Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

24.    Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

25.    Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting a debt.

26.    Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

27.     The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

28.     As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**,  Plaintiffs Angelo and  Evelyn Gambino demands judgment from the Defendant Penn Credit, as follows:

a)      For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)      For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)      For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)      A declaration that the Defendant's practices violated the FDCPA; and

e)      For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  August 26, 2015

/s/Raphael Deutsch
By: Raphael Deutsch
301 Highland Avenue
Waterbury, CT, 06708
Phone: 203 597 8883
Fax: 203 753 9347

Send Additional Correspondence:
Yaakov Saks
RC Law Group
285 Passaic Street
Hackensack, NJ, 07601
201-282-6500 ext 101
ysaks@rclawgroup.com

1